UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- X

EDWARD SWISLOSKY,

DOCKET NO.:

Plaintiff,

-against-

COMPLAINT

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, NASSAU COUNTY POLICE OFFICER
ROBERT J. SCOTT, in his individual and official
capacities, and NASSAU COUNTY POLICE OFFICER
JOHN DOES #1-10 (fictitiously named), in their individual
and official capacities,

JURY TRIAL DEMANDED

Defendants.
-------------------------------------------------------------------------- X

Plaintiff EDWARD SWISLOSKY, by his attorneys, Horn Wright, LLP, complaining of

Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, NASSAU

COUNTY POLICE DEPARTMENT, NASSAU COUNTY POLICE OFFICER ROBERT J.

SCOTT, in his individual and official capacities, and NASSAU COUNTY POLICE OFFICER

JOHN DOES #1-10 (fictitiously named), in their individual and official capacities, alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is a civil rights action in which Plaintiff, EDWARD SWISLOSKY

("SWISLOSKY" or "Plaintiff") seeks relief from Defendants COUNTY OF NASSAU, NASSAU

COUNTY POLICE DEPARTMENT, NASSAU COUNTY POLICE OFFICER ROBERT J.

SCOTT, in his individual and official capacities, and NASSAU COUNTY POLICE OFFICER

JOHN DOES #1-10 (fictitiously named), in their individual and official capacities, (collectively,

hereinafter referred to as "County Defendants") for committing acts under color of law and

1

depriving Plaintiff of rights secured under 42 U.S.C. § 1983 grounded in rights secured to him under the Fourth and Fourteenth Amendments to the Constitution of the United States.

2.      Plaintiff alleges that County Defendants engaged in unlawful conduct. Specifically, during their investigation into a purported aggravated harassment, County Defendants falsely arrested Plaintiff and maliciously prosecuted him. All acts were committed under the color of law and deprived Plaintiff of rights secured to him under the Fourth and Fourteenth Amendments of the Constitution and laws of the United States.

3.      County Defendants, without justification or any reason except an intent to deprive Plaintiff of his rights and knowledge that their conduct had the tacit authorization of COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY POLICE OFFICER ROBERT J. SCOTT, in his individual and official capacities, and NASSAU COUNTY POLICE OFFICER JOHN DOES #1-10 (fictitiously named), in their individual and official capacities, falsely arrested Plaintiff and maliciously prosecuted him. Said actions on Plaintiff deprived him of his civil and Constitutional rights.

4.      Plaintiff seeks damages, both compensatory and punitive, award of costs, interest, attorney's fees, and such other and further relief as this Court deems just and equitable.

## JURISDICTION

5.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is conferred upon this Court by 42 U.S.C. § 1983 and by 28 U.S.C. §§ 1331 and 1343(3) and (4) of the aforementioned Constitutional provisions.

## VENUE

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) since all of the events and omissions giving rise to Plaintiff's claims occurred within the County of Nassau, the actual place of employment of all of the individual Defendants is the County of Nassau in the Eastern District of New York, and the County of Nassau is within the jurisdiction of the Eastern District of New York. The events surrounding this lawsuit occurred in the County of Nassau, in the Eastern District of New York. Additionally, Plaintiff resides with the County of Nassau in the Eastern District of New York.

## THE PARTIES

7.      Plaintiff EDWARD SWISLOSKY is a resident of the United States who lives within the Eastern District of New York.

8.      Upon information and belief, at all relevant times described herein, Defendant COUNTY OF NASSAU (hereinafter, referred to as "COUNTY") was and continues to be a municipal corporation organized and existing by virtue of the laws of the State of New York.

9.      Upon information and belief, at all relevant times described herein, Defendant County, by its agents and/or employees, operated, maintained, and controlled the NASSAU COUNTY POLICE DEPARTMENT (hereinafter, referred to as "NCPD"), including all police officers and detectives thereof.

10.     Defendant ROBERT J. SCOTT (hereinafter, referred to as "SCOTT"), upon information and belief, is a police officer with the NCPD who is being sued in his individual and official capacities and is an employee of Defendants County and NCPD. Upon information and belief, at all relevant times described herein, Defendant Scott was acting under color of state law within the scope of his employment as a police officer with NCPD.

11.    Defendant JOHN DOES #1-10 (hereinafter, collectively "PO DOES") are members of NCPD who are being sued in their individual and official capacities and are employed by Defendants County and NCPD. Upon information and belief, at all relevant times described herein, PD Does were acting under color of state law within the scope of their employment as members of NCPD and employed by Defendants County and NCPD.

## NATURE OF THE CASE

12.    This is an action seeking recovery for deprivation of Plaintiff's civil rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution committed by the above-named municipal Defendants.

13.    Plaintiff Swislosky was subjected to arrest, criminal charges, and commencement of criminal proceedings based on perjurious testimony, material misrepresentations, and fabricated evidence presented by Defendants at the Nassau County District Court, Criminal Part, Hempstead, New York, on or about August 18, 2022, and the filing of misdemeanor information on or about August 18, 2022.

14.    The criminal proceedings were favorably terminated on or about November 4, 2022.

15.    Plaintiff was subjected to degrading and abusive treatment, unlawful search, unlawful arrest, malicious prosecution, denial of his right to familial association, unlawful detention, illegal restraint, an unlawful disruption of familial relations, and violation of his substantive and procedural due process rights under the laws of the United States.

## FACTUAL ALLEGATIONS

16.    Mr. SWISLOSKY is a 51-year-old man who is the father of five.

4

17. On or about August 17, 2022, Plaintiff's daughter's ex-girlfriend, Keri Ross ("Ross") came to Plaintiff's home. Plaintiff's sons noticed Ross' car parked near their home. Ross was in the driver's seat and an unknown individual was hiding in the backseat. Ross was attempting to lure Plaintiff's daughter into the car.

18. Plaintiff's two sons warned Plaintiff's daughter. When Ross was noticed, she left in her car.

19. On or about August 18, 2022, Plaintiff was at his residence located in Seaford, New York when Defendants SCOTT and PO DOES arrived.

20. Upon information and belief, Ross had contacted 911 and stated that Plaintiff had called her after leaving his residence and threatened her.

21. Defendants SCOTT and/or PO DOES told Plaintiff he needed to come with them to the precinct to speak with a detective. Plaintiff was not told why he was needed at the precinct or why he could not meet the detective at the precinct on his own.

22. Defendants SCOTT and/or PO DOES handcuffed Plaintiff. Defendants SCOTT and/or PO DOES also searched Plaintiff's person, removed his phone, and searched his phone.

23. Upon being handcuffed, Plaintiff was placed in a police vehicle. Plaintiff told Defendants SCOTT and/or PO DOES that they did not have permission to enter his home. Nonetheless, Defendants SCOTT and/or PO DOES proceeded to enter Plaintiff's home and searched his 15-year-old son's bedroom.

24. Plaintiff was not informed what crime he was being charged with nor was he mirandized.

25. Defendants had neither valid evidence for the arrest of Plaintiff nor legal cause or excuse to seize and detain him.

26.     That, in detaining Plaintiff without a fair and reliable determination of probable cause, Defendants abused their power and authority as a policymaker of the NCPD under the color of State and/or local law. It is alleged that Defendant COUNTY, via its agents, servants, and employees, routinely charged persons with crimes they did not commit.  Plaintiff was but one of those persons.

27.     Defendants, without any investigation and/or basis, unlawfully arrested, searched, and interrogated Plaintiff.

28.     On or about August 18, 2022, at approximately 1:33 p.m., Defendants arrested Plaintiff at his home in front of the neighbors while his family observed. Plaintiff was transported to the 7th Precinct where he was unlawfully searched and processed. All the while, Defendants knew that Plaintiff SWISLOSKY was completely innocent and there was no probable cause to arrest Plaintiff.

29.     Plaintiff remained unlawfully detained for several hours before he was released with an appearance ticket.

30.     Upon leaving the precinct and reading the appearance ticket, Plaintiff for the first time learned that he was being charged with a crime.

31.     Plaintiff was charged with Aggravated Harassment 2nd Degree in violation of NY PL § 240.30 (1)(A).

32.     Plaintiff was arraigned and charged with Aggravated Harassment in 2nd Degree in violation of NY PL § 240.30 (1)(A), a Class A Misdemeanor.

33.     Defendant SCOTT signed the accusatory instrument for the prosecution of Plaintiff Swislosky, dated August 18, 2022.

34.     Defendants had no evidence to substantiate the charges. The prosecution of Plaintiff was continued with malice.

35.     The prosecution of Plaintiff was continued after probable cause was vitiated. In point of fact, Defendants all along had irrefutable evidence of Plaintiff's innocence. Mr. SWISLOSKY was arrested and his prosecution was continued, despite knowledge that such arrest and prosecution was unlawful and in violation of Plaintiff's rights.

36.     County Defendants had in their possession all of the information which would have exculpated Plaintiff from the onset.

37.     Plaintiff SWISLOSKY's prosecution continued after there was no longer probable cause to believe that Plaintiff had any involvement in any of the alleged and charged crimes. The prosecution was continued solely to cover-up Defendants' unlawful and unconstitutional conduct.

38.     As a result of the malicious prosecution, Plaintiff SWISLOSKY was required to pay for the services of a criminal defense attorney at a substantial cost to him. Information about the arrest and/or prosecution was intentionally and maliciously released to the public, impugning Plaintiff's reputation and causing Plaintiff shame and humiliation.

39.     Plaintiff was required to appear in court on multiple occasions after County Defendants had incontrovertible evidence that Plaintiff was not involved in the alleged crimes he was arrested and charged with.

40.     Plaintiff SWISLOSKY's prosecution terminated on or about November 4, 2022, when all charges were dismissed.

**AS AND FOR A FIRST COUNT**
**42 U.S.C. § 1983 – False Arrest**
**(*Against All Defendants*)**

41.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

42.    That the aforesaid arrest and imprisonment of Plaintiff by Defendants was under the color of State Law, without any reasonable cause or belief that Plaintiff was in fact guilty of the crime for which he was charged.

43.    That said Defendants, their agents, servants, and employees, falsely arrested and illegally imprisoned Plaintiff and intentionally subjected Plaintiff to confinement which Plaintiff was conscious of, and said confinement was not otherwise privileged or consented to by Plaintiff.

44.    That by reason of the aforesaid unlawful arrest and imprisonment, caused willfully and maliciously by Defendants, their agents, servants, or employees, Plaintiff was wrongfully deprived of his rights and privileges and benefits as provided to him under the Constitution of the United States of America, was subjected to pain and suffering, great indignities, ridicule, scorn, loss of freedom, humiliation, mental distress, was prevented from attending his usual activities, was injured in his reputation in the community, and was further caused to incur monetary expense, including legal fees.

45.    That the aforesaid false arrest and imprisonment of Plaintiff violated the Fourth and Fourteenth Amendments of the United States Constitution.

46.    That Defendants committed the foregoing acts willfully and with malicious disregard for Plaintiff's rights and are, therefore, liable to Plaintiff for compensatory as well as punitive damages.

4647 As a proximate result of Defendants' intentional and malicious actions, Plaintiff Swislosky was greatly humiliated, injured in his reputation, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages, attorney's fees, and costs.

**AS AND FOR A SECOND COUNT**
**42 U.S.C. § 1983 – Malicious Prosecution**
**(*Against All Defendants*)**

48. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

49. That Defendants instituted and continued the criminal proceedings against Plaintiff in the absence of any probable cause and/or evidence for said prosecution.

50. That the prosecution against Plaintiff was with malice.

51. That the dismissal against Plaintiff was a favorable termination in favor of Plaintiff.

52. That said malicious prosecution of Plaintiff by Defendants constitutes a deprivation of Plaintiff's Fourth and Fourteenth Amendment Constitutional rights.

53. As a proximate result of Defendants' intentional and malicious actions, Plaintiff Swislosky was greatly humiliated, injured in his reputation, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages, attorney's fees, and costs.

## AS AND FOR A THIRD COUNT
### 42 U.S.C. § 1983 – Abuse of Process
#### (*Against Defendants SCOTT and PO DOES*)

54.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

55.     Defendants intentionally, recklessly, and maliciously filed and/or caused to be filed a false, inaccurate, and/or misleading criminal complaint against Plaintiff.

56.     The false criminal complaint lodged by Defendants against Plaintiff was done with knowledge that the facts contained therein were false, misleading, and/or otherwise inaccurate.

57.     Defendants filed said false criminal felony complaint against Plaintiff with an ulterior purpose/motive to subject Plaintiff to punishment without just cause and in order to protect Defendants SCOTT and PO DOES.

58.     Defendants subjected Plaintiff to the criminal justice system without just cause or reason. Defendants abused the criminal justice system in assaulting, falsely arresting, falsely charging, and falsely prosecuting Plaintiff in an attempt to protect Defendants SCOTT and PO DOES and satisfy their personal goals of covering up their wrongdoing, and to further their own purposes of exercising their privilege for their own warped sense of power.

59.     Defendants created false and fabricated statements which included the NCPD Incident Reports, Narratives, and Charging Instruments.

60.     Moreover, Defendants invented and fabricated circumstances which were used to support the false charges in the charging instrument that was used to prosecute Plaintiff by the District Attorney ("DA").

61.    Defendants' use of criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff solely for a purpose that was/is outside the legitimate ends of the legal process. The purpose behind Defendants' actions was to protect Defendants SCOTT and PO DOES, and to harass, intimidate, coerce, silence, and punish Plaintiff.

62.    Defendants did not initiate the arrest and prosecution of Plaintiff as a result of actual knowledge that a crime was committed. Defendants' clear intention was to protect Defendants SCOTT and PO DOES, and falsely arrest and falsely prosecute Plaintiff and cause harm to Plaintiff without proper motive, excuse, or justification of any kind.

63.    Defendants did nothing to stop the criminal proceedings which amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff solely for a purpose that was/is outside the legitimate ends of the criminal process.

64.    As a direct consequence of the actions of Defendants, acting in furtherance of their duty as agents of Defendant COUNTY, Plaintiff suffered injuries, including but not limited to, stigmatization, embarrassment, loss of liberty, and the infringement of his rights guaranteed to him under the U.S. Constitution.

65.    Defendants SCOTT and PO DOES, with the aid of other named Defendants, falsified evidence and committed perjury in order to cover up Defendants SCOTT and PO DOES' unlawful acts.

66.    As a direct consequence of the actions of Defendants, Plaintiff suffered loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to name and reputation, special damages, attorney's fees, incidental fees/costs, loss of property, and other financial impairments.

67.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS ($1,000,000.00), plus costs and attorney's fees pursuant to Title 42 § 1988, as well as punitive damages as to the Individual Defendants, and any other relief this Court may find just and proper.

**AS AND FOR A FOURTH COUNT**
**42 U.S.C. § 1983 – Fabricating of Evidence**
(*Against Defendants SCOTT and PO DOES*)

68.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

69.     Defendants SCOTT and PO DOES fabricated evidence against Plaintiff to deprive Plaintiff of his Fourth and Fourteenth Amendment rights, and jointly caused such deprivation of rights by acting in concert to unlawfully charge Plaintiff with crimes that he did not commit.

70.     Defendants SCOTT and PO DOES further deprived Plaintiff of his due process rights, specifically by falsifying facts in the charging instrument filed against Plaintiff.

71.     All of the above factual allegations prepared by Defendants were false. These false allegations, and others, led to the false arrest of Plaintiff, Plaintiff being accused of crimes which he did not commit, and Plaintiff's false prosecution.

72.     The actions by Defendants denied Plaintiff his liberty and due process rights. These rights are guaranteed to Plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

73.     As a direct consequence of the actions of Defendants, Plaintiff suffered loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular

income, damage to his name and reputation, special damages, attorney's fees, incidental fees/costs, and other financial impairments.

74.    Defendants knew or should have known that the wrongful detainment, false arrest, wrongful imprisonment, and unlawful prosecution of Plaintiff violated Plaintiff's rights, guaranteed to him under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

75.    Defendants had the authority, ability, and concurrent duty under 42 U.S.C. § 1983 to prevent the false arrest, wrongful detainment, and unlawful prosecution of Plaintiff, yet these Defendants neglected to prevent said violations from occurring and, further, failed to intervene to protect or aid Plaintiff when such violations did in fact occur.

76.    Defendants knew or should have known that the fabricated accusations against Plaintiff were violative of his Fourth and Fourteenth Amendment rights to due process, and were tantamount to the unfair treatment that he suffered at the hands of each and every Defendant, in violation of Plaintiff's fundamental rights under the Constitution.

77.    As a direct consequence of the actions of Defendants, Plaintiff suffered loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to his name and reputation, special damages, attorney's fees, incidental fees/costs, and other financial impairments.

78.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS ($1,000,000.00), plus costs and attorney's fees pursuant to Title 42 § 1988, as well as punitive damages as to the Individual Defendants, and any other relief this Court may find just and proper.

**AS AND FOR A FIFTH COUNT**
**42 U.S.C. § 1983 – Failure to Intervene**
(*Against All Defendants*)

79.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

80.     On or about August 18, 2022, Plaintiff was subjected to false arrest and unlawful search and seizure of Plaintiff's person and home at the hands of Defendants.

81.     Despite Defendants having irrefutable evidence of Plaintiff's innocence, Defendants nonetheless arrested Plaintiff.

82.     Each of the Defendants new and/or deliberatively ignored the fact that the false accusations, detainment, false arrest, seizure, and illegal search of Plaintiff's home violated the rights guaranteed to Plaintiff under the First and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. § 1983.

83.     Each of the said Defendants had the authority, ability, and concurrent duty under 42 U.S.C. § 1983 to prevent the false arrest, wrongful detainment, and illegal search of Plaintiff and his home, yet neglected to prevent said violations from occurring and, further, failed to intervene to protect or aid Plaintiff when such violations did, in fact, occur.

84.     Specifically, each and every one of the Defendants had the opportunity and responsibility to prevent the wrongful detainment and abuse of process against Plaintiff because each Defendant had actual notice of the wrongful actions of the other Defendants at the scene of the incident.

85.    Defendants had the power to prevent the continued due process violations against Plaintiff yet failed to prevent or dismiss the unlawful charges against Plaintiff, or to protect Plaintiff from the unwarranted penalties that followed from the charges against him.

86.    As a direct consequence of the actions of Defendants acting in furtherance of their duties as agents of their respective municipalities and agencies, Plaintiff suffered injuries, including but not limited to, stigmatizations, embarrassment, loss of liberty, and the infringement of his rights guaranteed to him under the U.S. Constitution.

87.    As a direct consequence of the actions of Defendants, Plaintiff SWISLOSKY suffered loss of standing in the community, loss of time, loss of freedom, loss of quality of life, damage to his name and reputation, special damages, attorney's fees, incidental fees/costs, and other financial impairments.

88.    That, by reason of the foregoing, Plaintiff SWISLOSKY suffered and continues to suffer irreparable injury and monetary damages, was greatly humiliated, injured in his reputation, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), as well as punitive damages, attorneys' fees, and costs.

## AS AND FOR A SIXTH COUNT
### *Monell*
### (*Against Defendant COUNTY*)

89.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

**Failure to Supervise and Failure to Train**

90.    Defendant COUNTY was responsible for supervising, overseeing, and controlling its respective subordinates.

91.    Defendant COUNTY had an express and/or implied duty to provide a reasonably safe environment for its citizens, including Plaintiff. At a minimum, it had a duty to keep him from being falsely arrested and maliciously prosecuted by its employees, which was foreseeable based upon past instances of misconduct, which were known to Defendant COUNTY.

92.    Defendant COUNTY had an express and/or implied duty to provide a reasonably safe environment for its citizens, including Plaintiff. At a minimum, it had a duty to assure that its employees did not wrongfully and falsely arrest Plaintiff, which was foreseeable based upon past instances of misconduct, which were known to Defendant COUNTY.

93.    Despite having this knowledge, Defendant COUNTY failed to take any remedial measures to prevent the aforementioned violations of Plaintiff's Constitutional rights.

94.    The countenancing of this behavior created an environment within the NCPD wherein members were allowed to continue with their behavior, which led to the Constitutional rights of citizens being violated, including Plaintiff.

95.    Defendant COUNTY intentionally failed to adequately supervise, control, oversee, train, and/or monitor its employees and members, who had a history of engaging in official misconduct, and failed to implement measures to prevent its employees and members from conspiring with each other to cover up their official misconduct.

96.    Defendant COUNTY intentionally failed to adequately supervise, control, oversee, train, and/or monitor its employees and members from conspiring with each other to cover up their

official misconduct and prevent them from continuously violating the Constitutional rights of individual citizens, including Plaintiff.

97.    Defendant COUNTY negligently hired, retained, and/or supervised its employees and members when it knew or should have known that they posed a threat to individuals.

98.    Defendant COUNTY knew or should have known of its employees and members' propensity for the conduct which caused Plaintiff's injuries, prior to the occurrence of the injuries.

99.    At all times relevant hereto, Defendants' actions were willful, wanton, malicious, reckless, and/or outrageous in their disregard for the rights and safety of Plaintiff.

100.    Defendant COUNTY was aware that there was a substantial likelihood that permitting its employees and members to carry on their regular duties would deprive the public of their civil rights, but failed to take adequate measures to resolve the wrong.

101.    Defendant COUNTY's failure and refusal to adequately investigate its employees' actions, acquiescence in Defendants' conduct, failure to take any remedial action against Defendants, allowing Defendants to remain employed as police officers, gross negligence in its supervision of Defendants, and deliberate indifference to the rights of others by failing to act on information that Constitutional rights were being violated, subjects Defendant County to supervisory liability for the crime and Constitutional violations perpetrated against Plaintiff.

102.    That, by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, was greatly humiliated, injured in his reputation, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), as well as costs, attorneys' fees, and any other relief this Court may find just and proper.

**Custom, Policy, and Practice**

103.    It was the custom, policy, and practice of Defendant County to tolerate, condone, and encourage Constitutional violations, such as those alleged by Plaintiff above, by failing to properly punish, charge, reprimand, and investigate allegations and incidents of misconduct by its employees and members.

104.    Employees and members of COUNTY, such as the Individual Defendants in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct.

105.    Employees of COUNTY, such as the Individual Defendants in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct and, further, that they would be indemnified from civil liability regardless of the illegality or unconstitutionality of their actions.

106.    By failing to supervise, train, and reprimand such employees and members of NCPD, Defendant COUNTY caused the injuries to Plaintiff through the actions and inactions of the Individual Defendants.

107.    By maintaining a *de facto* policy of automatic indemnification, Defendant COUNTY caused the injuries to Plaintiff through the actions and inactions of the Individual Defendants.

108.    It was the custom, policy, and practice of Defendant COUNTY to blatantly ignore complaints and/or widespread allegations of malfeasance in order to shield the NCPD from receiving any bad press that would be generated from an investigation of police misconduct.

109.    This custom, policy, and practice of Defendant COUNTY to ignore complaints and/or widespread allegations of assault and other malfeasance created an environment where foreseeable Constitutional violations by its employees and members were rampant, including the violations of Plaintiff's Constitutional rights.

110.    Defendant COUNTY's failure to take action against its employees and members involved in this incident and in other similar incidents was part of a custom, practice, and procedure of neglect and deliberate indifference that directly caused the injuries to Plaintiff.

111.    As authorized representatives of Defendant COUNTY, the employees and members' conduct of illegal arrests or threats of arrest without probable or reasonable cause, searches and seizure of arrestees, and malicious prosecutions constituted a custom, policy, and practice which renders Defendant COUNTY liable to Plaintiff as a "Person" acting under the color of state law.

112.    Defendant COUNTY is, therefore, liable for violations of Plaintiff's Constitutional rights as caused by the Individual Defendants, as described in more detail in the foregoing paragraphs, and Plaintiff has suffered damages therefrom.

113.    That, by virtue of Defendant COUNTY's failure and refusal to adequately investigate the Individual Defendants' actions, acquiescence in the Individual Defendants' conduct, failure to take any remedial action against the Individual Defendants, allowing the Individual Defendants to remain employed, gross negligence in its supervision of the Individual Defendants, and deliberate indifference to the rights of others by failing to act on information that Constitutional rights were being violated by the Individual Defendants, Defendant COUNTY, which employed these Individual Defendants during the relevant time period, exhibited a *de facto* custom, policy, or usage of unconstitutional conduct sufficient for the imposition of municipal

liability under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

114. As a proximate result of Defendant COUNTY's customs, policies, and practices for creating an environment that tolerates, encourages, and condones such Constitutional violations, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00) plus attorney's fees, costs and any other relief this Court may find just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff EDWARD SWISLOSKY respectfully requests judgment against Defendants as follows:

A. Under the First Count, in the amount of ONE MILLION DOLLARS ($110,000,000.00) plus punitive damages, attorney's fees, and costs;

B. Under the Second Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus punitive damages, attorney's fees, and costs;

C. Under the Third Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus punitive damages, attorney's fees, and costs;

D. Under the Fourth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus punitive damages, attorney's fees, and costs;

E. Under the Fifth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus punitive damages, attorney's fees, and costs; and

F.    Under the Sixth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus attorney's fees and costs;

G.    Such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
September 10, 2024

Respectfully Submitted,
**HORN WRIGHT, LLP**
*Attorneys for Plaintiff*

By:    */s/ Pablo A. Fernandez*

Pablo A. Fernandez
400 Garden City Plaza
Garden City, New York 11530
Ph: 516.355.9696
paf@hornwright.com